UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID C. PATKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. BABIENCO, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05073-LB<br><br>**ORDER OF SERVICE**<br>[Re: ECF No. 1 ] |

## INTRODUCTION

David C. Patkins, an inmate at the Correctional Training Facility in Soledad, filed this pro se prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 1 at 4.)[1] This action is now before the court for review of the complaint. This order finds the complaint states a cognizable claim upon which relief may be granted and orders service of process on several defendants.

## STATEMENT

Mr. Patkins alleges the following in his complaint:

Mr. Patkins received a dental bridge in 1998, covering a four-tooth area from his right central incisor to his left canine tooth. The teeth at the end of a bridge are called the abutment teeth, and

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

the bridge is cemented to those abutment teeth and covers the gap where the teeth between those abutment teeth are missing. In Mr. Patkins' case, the incisor and the canine were the abutment teeth on his bridge, and his bridge covered the gap where two teeth were missing between the abutment teeth. After 15+ years, Mr. Patkins' bridge failed. The bridge became loosened on one end in March 2014 and then fully detached in June 2014. Shortly before the bridge detached, a dentist had cleaned Mr. Patkins' teeth and told him his abutment teeth were strong and healthy. Mr. Patkins claims in this action that several members of the dental staff at the Correctional Training Facility were deliberately indifferent to his serious dental needs in their response to the bridge problems that began in 2014.

Dr. Tran initially told Mr. Patkins on July 2, 2014 that "'all we do is pull teeth, we don't cement bridges.'" (ECF No. 1 at 8.) Nonetheless, Dr. Tran filled out a form for Mr. Patkins to have his bridge recemented. Dr. Tran made the "malicious and false diagnosis" that the bridge was "'ill-fitting' and 'no good.'" (*Id.*). Dr. Tran did not properly prepare the abutment teeth or the bridge cups before recementing the bridge.

The recemented bridge became loosened on July 15, 2014. Mr. Patkins submitted a form requesting "an outside expert to properly prepare and cement the bridge to preserve the strong and healthy abutments." (*Id.* at 9.) On August 6, 2014, Dr. Tran denied that the bridge was loose.

Mr. Patkins filed an inmate appeal on August 9, 2014. Dr. Babienco, a dentist, handled the first level appeal response. Dr. Babienco made a false/misleading diagnosis and "falsified medical records" that the abutment teeth were weakening and had experienced heavy abrasion over the years.[2] (*Id.* at 10.) Dr. Babienco also denied Mr. Patkins' request to go to an outside expert.

---

[2] Mr. Patkins alleges that Dr. Babienco "partially grants 'to preserve healthy and strong' abutments – a material contradiction to weakened and heavily abrased abutments." (ECF No. 1 at 10.) Mr. Patkins misunderstands the statement in the inmate appeal response he attaches to his complaint. Mr. Patkins' inmate appeal requested, among other things, a procedure to "preserve the 'healthy and strong' posts." (*Id.* at 37.) Dr. Babienco wrote in his response that "there are no posts on either abutment teeth supporting your bridge. These teeth have suffered heavy abrasion over the years resulting in their weakening and are the primary reason your bridge has failed and come loose." (*Id.* at 42.) Dr. Babienco further wrote that a dentist might make another attempt to recement the bridge if the dentist decided it was clinically acceptable. His statement that the "request to have the 'healthy and strong posts' preserved is partially granted" appears to be a reference to the potential recementing of the bridge, rather than a declaration that there were healthy and strong posts in Mr. Patkins' teeth.

At the second-level review of Mr. Patkins' inmate appeal, dentist Dr. Chang also made a false and misleading diagnosis and fabricated information. Dr. Chang recemented the bridge on September 5, 2014, without first properly preparing the bridge and the abutment teeth. The bridge came loose on September 19, 2014, and detached on October 4, 2014.

At the second formal level review of his inmate appeal, HPM III K. Dennis "made no independent findings" and relied "only on CTF dentists/appeal dispositions." (*Id.* at 12.) Mr. Dennis denied the inmate appeal without justification and based on false statements.

On October 9, 2014, Dr. Babienco told Mr. Patkins he could "wait till [his] life sentence is over before [he would] get a proper cementing" of the bridge." (*Id.* at 14.) (Although Mr. Patkins alleges that Dr. Babienco "permanently banned plaintiff from dental services," (*id.*), this apparently was hyperbole by either the dentist or patient because Mr. Patkins continued to receive care from Dr. Babienco and other dental staff.)

On October 20, 2014, Dr. Chang recemented the bridge, again without properly preparing the bridge or abutment teeth for the cement.

Dr. Vy thought Mr. Patkins might be causing his bridge to loosen by grinding his teeth as he slept. (Mr. Patkins denies that he grinds his teeth.)  On November 17, 2014, Mr. Patkins was fitted for a dental night guard for the possibility that he was grinding his teeth. When the night guard mold was removed, the bridge came out with it. Dr. Chang recemented the bridge, again without properly preparing the bridge or abutment teeth.

Mr. Patkins' inmate appeal was denied at the director's level on January 13, 2015.

Mr. Patkins alleges that the dentists were "intent to pull teeth for extraction bonuses," and continually sabotaged the recementing efforts. (*Id.* at 17.)

After the bridge detached on about February 2, 2015, Dr. Babienco recemented the bridge on February 11, 2015, without properly preparing it. (*Id.*) The bridge loosened and detached a few months later.

While being seen by "dentist, Kimberly" on June 4, 2015, an unnamed nurse told Mr. Patkins that the dental staff at the prison did not often recement bridges and did not have the right product; according to the unnamed nurse, the cement that had been used was not for bridges. (*Id.* at 18.)

3

Dentist Kimberly "den[ied] proper dental treatment," apparently by failing to properly resolve Mr. Patkins' bridge problem. (*Id.*)

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). Serious medical needs may include dental care needs. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). For the subjective, or "deliberate indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation and internal quotation marks omitted). Liberally construed, the complaint states a cognizable § 1983 claim against Dr. Tran, Dr. Babienco, Dr. Chang and "dentist

1  Kimberly" for deliberate indifference to Mr. Patkins' serious dental needs.

2  The complaint does not state a claim against Health Program Manager III K. Dennis. Mr. Dennis "made no independent findings," provided no dental treatment, and had a role limited to interviewing and investigating the inmate appeal Mr. Patkins had filed. (ECF No. 1 at 12.) Any mishandling or failure to grant Mr. Patkins' inmate appeal in the prison administrative appeal system does not amount to a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Prison officials are not liable for a due process violation for simply failing to process an appeal properly or failing to find in Mr. Patkins' favor.

## CONCLUSION

1. Liberally construed, the complaint, as amended by the amended complaint, states a cognizable § 1983 claim against Dr. Tran, Dr. Philip Babienco, Dr. Chang, and "Dentist Kimberly" for violating Mr. Patkins' Eighth Amendment rights. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and amended complaint, a copy of all the documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon the following defendants, all of whom apparently are on the dental staff at the Correctional Training Facility in Soledad:
- Dr. Tran
- Dr. Philip Babienco
- Dr. Tran
- Dentist Kimberly

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

1        a.      No later than **April 29, 2016**, the defendants must file and serve a motion for
2 summary judgment or other dispositive motion. If the defendants are of the opinion that this case
3 cannot be resolved by summary judgment, the defendants must so inform the Court prior to the
4 date the motion is due. If the defendants file a motion for summary judgment, the defendants must
5 provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time
6 they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).  If the motion is
7 based on nonexhaustion of administrative remedies, the defendants must comply with the notice
8 and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

9        b.      The plaintiff's opposition to the summary judgment or other dispositive motion
10 must be filed with the court and served upon the defendant no later than **May 27, 2016**. The
11 plaintiff must bear in mind the notice and warning regarding summary judgment provided later in
12 this order as he prepares his opposition to any motion for summary judgment.

13        c.      If the defendants wish to file a reply brief, the reply brief must be filed and served
14 no later than **June 10, 2016**.

15    4.   The plaintiff is provided the following notices and warnings about the procedures for
16 motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary

1  judgment for failure to exhaust administrative remedies, he or she is seeking to have the case
2  dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described
3  above for other summary judgment motions. As with other defense summary judgment motions, if
4  a motion for summary judgment for failure to exhaust administrative remedies is granted, the case
5  will be dismissed and there will be no trial.

6      5.  All communications by the plaintiff with the court must be served on a defendant's counsel
7  by mailing a true copy of the document to the defendant's counsel. The court may disregard any
8  document which a party files but fails to send a copy of to his opponent. Until a defendant's
9  counsel has been designated, the plaintiff may serve a document by mailing a true copy of the
10 document directly to the defendant, but once a defendant is represented by counsel, all documents
11 must be mailed to counsel rather than directly to that defendant.

12     6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No
13 further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
14 before the parties may conduct discovery.

15     7.  The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the
16 court informed of any change of address and must comply with the court's orders in a timely
17 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
18 to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in
19 every pending case every time he is moved to a new facility or is released from custody.

20     8.  The plaintiff is cautioned that he must include the case name and case number for this case
21 on any document he submits to the court for consideration in this case.

22 **IT IS SO ORDERED.**

23 Dated: January 27, 2016

    LAUREL BEELER
    United States Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. PATKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>P. BABIENCO, et al.,<br><br>    Defendants. | Case No. 3:15-cv-05073-LB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 27, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David C. Patkins ID: CDC# T-73612
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960-0705

Dated: January 27, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable LAUREL BEELER

8